THOMAS CREGIN AS ADMINISTRATOR, ETC., OF JAMES CREGIN, DECEASED, APPELLANT, v. BROOKLYN CROSS-TOWN RAILROAD COMPANY, RESPONDENT.

*When a husband may recover for the loss of his wife's earnings — when a verdi,*
*will not be set aside as excessive.*

In an action brought by a husband to recover the damages caused by an injury to his wife, occasioned by the negligence of the defendant, the husband died before the trial and some two years after the accident. It appeared that before the accident the wife did all the house-work for her husband and three children, assisted in taking charge of a store and earned by sewing sometimes as much as twenty dollars a week. All her earnings were used to support the family. *Held*, that the plaintiff, the administrator of the deceased husband, was properly allowed to recover for the loss of earnings of the wife as well as for the loss of her services, and that a verdict of $2,500 would not be set aside as excessive.

APPEAL from an order granting a new trial, on the ground that the damages were excessive.

The action was brought in the City Court of Brooklyn, and a certificate having been filed that two of the judges of that court, were incompetent to sit at the General Term of that court, the appeal was brought on for a hearing before the General Term of the Supreme Court.

The action was by a husband to recover for the loss of the services and society of his wife, and the expenses incurred because of an injury to her.

After the action was commenced, and about two years and six months after the injury, the plaintiff died, and the action was. revived in the name of his administrator, the plaintiff herein.

The family consisted of the husband, his wife and three sons, of the respective ages, twenty-eight, twenty and sixteen, or thereabouts at the time of the accident.

*J. Warren Lawton*, for the appellant.

*Britton & Ely*, for the respondent.

GILBERT, J.:

The decision of the Court of Appeals, in this case, limits the recovery of the plaintiff, as administrator of the deceased husband, to " the pecuniary injuries sustained" by his intestate, and which " diminished his estate."

Applying these limitations to the verdict it does not appear to us to be excessive.

The question presented is, whether the award of $2,500 made by the jury was in excess of the value of Mrs. Cregin's services to her husband during the two years and a-half that intervened between the time of her injury and his death.

The testimony showed that in addition to the ordinary household work performed by her prior to the injury, without the assistance of a servant, Mrs. Cregin, who had theretofore enjoyed excellent health, did the sewing, washing and ironing of the family, made the necessary clothing, and, in addition to that, took charge of the store and made sometimes twenty dollars per week by sewing for hire upon a machine, which moneys were applied by her to the payment of household expenses, and with the husband's irregular earnings contributed to the common support and maintenance of themselves and their children.

Her injuries were of such a nature as to render her unable to perform these services during the period in question.

We think that, under the circumstances of the case, the plaintiff is entitled to recover for the *earnings* of Mrs. Cregin, as well as for the loss of the services in the discharge of her ordinary domestic duties.

The evidence did not show that she was carrying on any separate business, or trade, or that the services rendered by her were performed on her sole or separate account, but the contrary

clearly appears. In such a case the earnings of the wife belong to the husband under the rule of the common law, and the statute of 1860 does not apply. (*Birkbeck* v. *Ackroyd*, 11 Hun, 365 ; affirmed in the Court of Appeals, September 17, 1878.)

The jury had the right to consider and give compensation for the loss of these earnings, as well as for the loss of the other services of the wife, and their verdict allowed the husband about $1,000 per annum.

While it is true that the wages of a single servant would amount to a less sum than this, it is by no means certain that a servant would or could have performed the efficient services rendered by Mrs. Cregin, or that she could have discharged the varied and responsible duties devolving upon her as the wife and mother in the charge of the house and family.

As was well said by MULLIN, J., in *Sloan* v. *N. Y. C. and H. R. R. R. Co.* (1 Hun, 543) : "The services of a hireling would fall far short of being of the value of those of an affectionate, intelligent and prudent wife."

In that case an allowance of $10,500 to the husband for the loss of his wife's service, or $1,000 for each year of the wife's life, as estimated by the annuity tables was held not to be excessive.

The order appealed from must be reversed, with costs to abide the event.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Order granting new trial for excessive damages reversed, with costs.